Filed 10/16/14  Plowden v. Swami International CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SARA PLOWDEN, | B248613 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC061732) |
| v. | |
| SWAMI INTERNATIONAL, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Sara Plowden, in pro. per., for Plaintiff and Appellant.

Citron & Citron, Joel F. Citron, Thomas H. Citron, Katherine A. Tatikian, for Defendant and Respondent.

## INTRODUCTION

Plaintiff and appellant Sara Plowden leased two properties—13992 and 13994 Crenshaw Boulevard in Gardena, California—from defendant and respondent Swami International, Inc. (Swami). Plowden brought an action for fraud and breach of contract against Swami concerning the condition of the properties. Swami moved for summary judgment or, alternatively, summary adjudication (summary judgment motion) against Plowden's third amended complaint. Plowden did not file an opposition to the summary judgment motion. The trial court granted Swami's summary judgment motion, and Plowden appeals. We affirm.

## BACKGROUND

On October 1, 2006, Plowden leased the commercial property at 13992 Crenshaw Boulevard (13992 Commercial Lease) from Swami. The lease term was for one year from October 1, 2006, to September 30, 2007. Rent was $1,075 per month. At the end of the lease term, Plowden had the option to renew the lease for an additional 36-month term at a negotiated rent provided that she was not in default on the lease.

The 13992 Commercial Lease included a "Care and Maintenance of Premises" clause that stated, "Lessee acknowledges that the premises are in good order and repair, unless otherwise indicated herein. Lessee shall, at his own expense and at all times, maintain the premises in good and safe condition, including plate glass, electrical wiring, plumbing and heating installations and any other system or equipment upon the premises and shall surrender the same, at termination hereof, in as good condition as received, normal wear and tear excepted. Lessee shall be responsible for all repairs required, excepting the roof, exterior walls, structural foundations and: _____ [w]hich shall be maintained by Lessor. . . ." The lease also included an integration clause, which provided that the lease was the entire agreement between Plowden and Swami and could not be modified except by a writing signed by both parties.

On April 1, 2007, Plowden leased the commercial property at 13994 Crenshaw Boulevard (13994 Commercial Lease) from Swami. The 13994 Commercial Lease

2

contained the same terms as the 13992 Commercial Lease set forth above except that the one-year term of the 13994 Commercial Lease was from April 1, 2007, through March 31, 2008, the rental rate was $1,480 per month, and the renewal option was for a 12-month term.

On February 19, 2010, Plowden brought an action against Swami that ultimately became the third amended complaint. In her third amended complaint, Plowden asserted causes of action for fraud and breach of contract and sought recovery of compensatory and punitive damages. Plowden's fraud cause of action sought $130,000 in compensatory damages and punitive damages as determined by a jury or the trial court. Plowden alleged that Swami defrauded her on or about December 31, 2009. She based her fraud cause of action on three theories: intentional or negligent misrepresentation, concealment, and making a promise without the intent to perform.

In support of her intentional or negligent misrepresentation theory, Plowden alleged that she and Swami entered leases that contained the representation that she would not be responsible for repairing the roof, that the roof had a leak that pre-existed the lease, and that the leaking roof caused damage inside the premises. She further alleged that neither of the units she leased was in good order or repair and that Swami and its employees knew or should have known of the condition of the premises. Plowden alleged that Swami knew the representations were false when made and that the representations were made with the intent to defraud her and cause her to rent the two units. Plowden did not know the representations were false and justifiably relied on them.

In support of her concealment theory, Plowden alleged that Swami concealed the fact that the electrical wiring and "apparatuses," the roof, and the heating and air conditioning units were not in good repair. Swami concealed those facts with the intent to defraud her and cause her to rent the two units. Plowden was unaware of the concealed or suppressed facts and would not have rented the two units if she had known of the concealed or suppressed facts.

3

In support of her making a promise without the intent to perform theory, Plowden alleged that Swami, through its employees, stated that it would repair the leaking roof and the electrical wiring and control panels, but only made feeble attempts to do so. Swami made the promise without any intention of performing and with the intent to defraud and induce Plowden to rely on it and rent the two units. Plowden was unaware of Swami's intention not to perform the promise and acted in reliance on the promise.

Plowden testified at her deposition that she spoke with Swami employee Pat Mitchell about leasing the commercial property at 13992 Crenshaw Boulevard. Mitchell did not say anything to Plowden "about the building, about the property." Plowden testified that she knew the roof at 13992 Crenshaw Boulevard leaked before she signed the lease. Asked why she moved in if she thought the roof leaked, Plowden responded, "Because they fixed it. They fixed it." Plowden testified that she signed the lease acknowledging that the premises were in good order and repair because "they" repaired the leaks before she signed the lease. She testified that she did not have the lease amended to extend the term after October 2007.

As for the 13994 Commercial Lease, Plowden was asked at her deposition, "It says that the terms of the lease shall be for a period of one year, commencing on the 1st day of April, 2007, and it extends . . . through March 31st, 2008. Did you ever expand the lease terms to that?" She replied, "No, they just—just the implied—the lease implied."

In her breach of contract cause of action, Plowden alleged that under the leases she "would be responsible for repair to premises believed to be 'in good order' when originally rented, and [Swami] would be responsible for roofs, exterior walls, and structural foundations" at 13992 and 13994 Crenshaw Boulevard. The agreements were written and oral and began with a written agreement on April 1, 2007. Plowden alleged that Swami breached the leases on or about December 31, 2009, "[b]y intentionally and fraudulently concealing repairs that were needed to roofs, heating and air conditioning ujits [sic], as well as electrical wiring and apparatuses that it never fixed over a five year period, or in the case of the heating and air conditioning units, only when it was too late

4

for it to do [Plowden] any good for the purposes of conducting [a] 'Production and music industry' business, resulting in a loss of business and clients because of the poorly maintained facilities." Plowden alleged that she performed all obligations under the leases except those she was prevented or excused from performing. Plowden sought $130,000 in damages and "[r]ecovery of possession of premises, and each of them, in total and good repair, including 100% functioning electrical wiring and apparatuses, permanent repair of leaking roofs, as well as heating and air conditioning units."

Plowden testified at her deposition that she did not pay rent for 13994 Crenshaw Boulevard in 2009. She admitted that she was a combined four or five months behind in rent for 13992 and 13994 Crenshaw Boulevard. According to Plowden, "they"—presumably Swami—filed an unlawful detainer action with respect to 13994 Crenshaw Boulevard in January or February 2009, after she first "messed up"—apparently when she failed to pay rent the first time. By that time, she had already moved out of 13992 Crenshaw Boulevard.

Swami moved for summary judgment. Plowden did not file any response. The trial court granted the motion, ruling that Plowden could not establish the essential elements of her fraud and breach of contract causes of action or her punitive damages claim. It further ruled that Plowden's causes of action and punitive damages claim were barred by the litigation privilege in Civil Code section 47, subdivision (b) and by collateral estoppel, and that her present action was an impermissible challenge to a prior unlawful detainer judgment against her and thus was barred by Code of Civil Procedure section 1908.

## DISCUSSION

### I.    Standard of Review

"We review the grant of summary judgment de novo. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356].) We make 'an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of

5

material fact or whether the moving party is entitled to judgment as a matter of law.' (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222 [38 Cal.Rptr.2d 35].) A defendant moving for summary judgment meets its burden of showing that there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) Once the defendant has made such a showing, the burden shifts back to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849, 853 [107 Cal.Rptr.2d 841, 24 P.3d 493].)" (*Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1216-1217.) We must consider all of the evidence and all of the inferences reasonably drawn therefrom, and must view such evidence and such inferences in the light most favorable to the party opposing summary judgment. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 843.)

## II.     Application of Relevant Principles

Plowden contends that the trial court erred in granting Swami's summary judgment motion as to her fraud and breach of contract causes of action and her claim for punitive damages. The trial court did not err.[1]

### A.     *Plowden's Fraud Cause of Action*

"The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to

---

[1]     Because we hold that Swami demonstrated that Plowden cannot establish one or more elements of her fraud and breach of contract causes of action, we need not reach Swami's alternative arguments that Plowden's causes of action were barred by the litigation privilege in Civil Code section 47, subdivision (b) and collateral estoppel, that Code of Civil Procedure section 1908 barred her present action because it was an impermissible challenge to a prior unlawful detainer judgment against her, or that the summary judgment should be affirmed because Plowden did not file an opposition to the summary judgment motion. Because Swami prevails as to Plowden's fraud cause of action, we also do not need to reach Plowden's punitive damages claim.

induce reliance; (d) justifiable reliance; and (e) resulting damage. [Citations.]" (*Hinesley v. Oakshade Town Center* (2005) 135 Cal.App.4th 289, 294.) Swami's summary judgment motion demonstrated that Plowden could not establish one or more elements of her fraud cause of action. In the excerpts from Plowden's deposition transcript that were submitted with Swami's summary judgment motion and are in the record on appeal, Plowden did not identify any fraud by Swami.

Plowden alleged in support of her misrepresentation theory of fraud that Swami made the following false representations of material fact in the leases: "Defendant represented in written contracts through and/or by employees Pat Mitchell, signer, and Ram Mittal (signer), written on April 1, 2007 and reinforced and amend in [_____], 2009, 'Lessee shal [*sic*] be responsible for all repairs required, excepting the roof, exterior walls, structural foundations. Defendant Lessor also represented that the premises in question located at 13392 [*sic*] and 13994 Crenshaw Blvd., Gardena, CA 90249 were in 'good order and repair, unless otherwise indicated herein.' See contract item No. 3[.]"

The first representation concerned which party to the leases would be responsible for making certain repairs to the premises. Under that representation, the only repair at issue for which Swami was responsible was the leaking roof. Plowden testified that Swami repaired the leaking roof before she signed the lease for, and before she moved into, 13992 Crenshaw Boulevard. Because Plowden's testimony demonstrated both that Swami took responsibility for repairing the leaking roof as required by the 13992 Commercial Lease and that Swami repaired the leak before Plowden signed the 13992 Commercial Lease or moved into the property, Plowden could not demonstrate either that the representation that Swami was responsible for repairs to the roof was false or that she relied on any false representation to enter the lease.

Swami's alleged second representation—"that the premises are in good order and repair, unless otherwise indicated herein"—was taken from a part of the "Care and Maintenance of Premises" clause in the 13992 and 13994 Commercial Leases. The complete referenced sentence stated, "Lessee acknowledges that the premises are in good order and repair, unless otherwise indicated herein." Under the leases, Plowden was the

7

lessee.  Because Plowden acknowledged, and Swami did not represent, that the premises were in good order and repair, Plowden failed to allege a misrepresentation by Swami. Thus, Swami's summary judgment motion demonstrated that Plowden could not prevail on her misrepresentation theory of fraud.

Plowden alleged in support of her concealment theory of fraud that Swami concealed the fact that the electrical wiring and apparatuses, the roof, and the heating and air conditioning units were not in good repair.  As stated above, however, Plowden expressly acknowledged when she signed the leases that "the premises are in good order and repair" and she did not present any evidence in opposition to Swami's summary judgment motion that showed that Swami concealed any information about the claimed deficiencies in the condition of the premises.  Therefore, Swami's summary judgment motion demonstrated that Plowden could not prevail on her concealment theory of fraud.

Plowden alleged in support of her making a promise without the intent to perform theory of fraud that Swami, through its employees, stated that it would repair the leaking roof and the electrical wiring and control panels, but only made feeble attempts to do so. Under the "Care and Maintenance of Premises" clause in the leases, Swami was responsible for repairs to the roof, exterior walls, and structural foundations, and Plowden was responsible for maintaining in "good and safe condition" the "electrical wiring" and "any other system or equipment upon the premises."  Each lease contained an integration clause that provided the lease was the entire agreement between Plowden and Swami and could not be modified except by a writing signed by both parties.  It is true that the parol evidence rule does not preclude evidence of fraud that is inconsistent with the terms of the agreement.  (*Riverisland Cold Storage, Inc. v. Fresno–Madera Production Credit Assn.* (2013) 55 Cal.4th 1169.)  But that does not mean that contractual terms do not preclude a claim of fraud absent evidence of the fraud.  (Cf.  *Series AGI West Linn of Appian Group Investors DE, LLC v. Eves* (2013) 217 Cal.App.4th 156, 162, fn. 6.) Plowden did not present any evidence in opposition to Swami's summary judgment motion that showed that any Swami employee made a promise, false or otherwise, concerning the repairs at issue.  (See *Tarmann v. State Farm Mut. Auto. Inc. Co.* (1991) 2

8

Cal.App.4th 153, 157-158 [in a fraud cause of action against a corporation, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. [Citations.]"].) Swami's prima facie defense that the contractual terms governed is unrebutted. Accordingly, Swami's summary judgment motion demonstrated that Plowden did not have any evidence countering Swami's showing she could not prevail on her making a promise without the intent to perform theory of fraud.

### B.        *Plowden's Breach of Contract Cause of Action*

"A cause of action for damages for breach of contract is comprised of the following elements:  (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. (*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830 [69 Cal.Rptr. 321, 442 P.2d 377].)"  (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.)  Swami's summary judgment motion demonstrated that Plowden could not establish that there was a contractual relationship between herself and Swami at the time of the alleged breach or that Swami breached the 13992 and 13994 Commercial Leases.

Plowden alleged in her breach of contract cause of action that on or about December 31, 2009, Swami breached the leases "[b]y intentionally and fraudulently concealing repairs that were needed to roofs, heating and air conditioning ujits [*sic*], as well as electrical wiring and apparatuses that it never fixed over a five year period, or in the case of the heating and air conditioning units, only when it was too late for it to do [Plowden] any good for the purposes of conducting [a] 'Production and music industry' business, resulting in a loss of business and clients because of the poorly maintained facilities."

The lease term for 13992 Crenshaw Boulevard terminated on September 30, 2007. Plowden did not exercise the option to renew the 13992 Commercial Lease.  The lease term for 13994 Crenshaw Boulevard terminated on March 31, 2008.  Plowden likewise did not exercise the option to renew the 13994 Commercial Lease.  Plowden testified at

9

her deposition that she did not pay rent for 13994 Crenshaw Boulevard in 2009, and that she was a combined four or five months behind in rent for 13992 and 13994 Crenshaw Boulevard. Swami filed an unlawful detainer action in January or February 2009 with respect to 13994 Crenshaw Boulevard. By that time, Plowden had moved out of 13992 Crenshaw Boulevard. Plowden alleged that Swami breached the leases on or about December 31, 2009. Plowden was not in possession of 13992 Crenshaw Boulevard in December 2009, so there was no existing contract that Swami could have breached. Because Plowden possessed 13994 Crenshaw Boulevard in 2009 as a holdover tenant, she did not have a contractual relationship with Swami in December 2009 with respect to that property that Swami could have breached. (*Peter Kiewit Sons' Co. v. Richmond Redevelopment Agency* (1986) 178 Cal.App.3d 435, 445 ["When the term of a lease expires but the lessee holds over without the owner's consent, he becomes a tenant at sufferance. [Citation.]"]; *Aviel v. Ng* (2008) 161 Cal.App.4th 809, 820 ["There is no contractual relationship between a holdover tenant and the landlord; the tenant has but '"naked possession."' [Citations.]".) Accordingly, Swami's summary judgment motion demonstrated that there was no contractual relationship between Swami and Plowden at the time of the alleged breach.

Swami was responsible for repairs to the roofs, exterior walls, and structural foundations under the "Care and Maintenance of Premises" clause in the leases. Plowden was responsible for maintaining in "good and safe condition" the "electrical wiring" and "any other system or equipment upon the premises" under the "Care and Maintenance of Premises" clause in the leases. Each lease contained an integration clause which provided that the lease was the entire agreement between Plowden and Swami and could not be modified except by a writing signed by both parties. Plowden testified at her deposition that Swami repaired the leaking roof before she moved into 13992 Crenshaw Boulevard. Under the leases, Plowden, and not Swami, was responsible for maintaining in good and safe condition the heating and air conditioning units and the electrical wiring

and apparatuses.  Plowden did not present any evidence in opposition to Swami's summary judgment motion that showed that Swami "intentionally and fraudulently" concealed repairs that were needed for the roofs and heating and air conditioning units or that it failed to repair electrical wiring and apparatuses or to timely repair heating and air conditioning units.  Therefore, Swami's summary judgment motion demonstrated that Swami did not breach the 13992 Commercial Lease or the 13994 Commercial Lease.

## DISPOSITION

The judgment is affirmed.  Swami is awarded its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:



TURNER, P. J.



GOODMAN, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11